SUMMARY ORDER

Petitioner Suriana Lin, a native and citizen of Indonesia, seeks review of the July 24, 2008 order of the BIA denying her motion to reopen. In re Suriana Lin, No. A95 476 423 (B.I.A. July 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
*886 Although there are exceptions to the time or numerical limits applied to motions to reopen, see 8 U.S.C. § 1229a (c)(7)(C), 8 C.F.R. § 1003.2(c)(3), there is no exception based on a change in the law. The BIA, however, has held that it may exercise its sua sponte authority to reopen an alien’s removal proceedings based on “a fundamental change in the principles of the law of asylum.” In re G-D-, 22 I. & N. Dec. 1132, 1135 (BIA 1999). We lack jurisdiction to review a decision of the BIA not to exercise its sua sponte authority because such a decision is “entirely discretionary.” Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
The BIA found that Lin’s motion was untimely, and rejected her argument that our decision in Mufied v. Mukasey, 508 F.3d 88 (2d Cir.2007) represented a change in the law of asylum sufficient to warrant sua sponte reopening of her proceedings. We lack jurisdiction to review that discretionary decision. See Azmond Ali, 448 F.3d at 518.
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).